**The below described is SIGNED.**

**Dated: August 25, 2011**

_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**



_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**
**IN THE CENTRAL DIVISION**

In re:

**Nathan D. Harward** and
**Katie C. Harward**
Debtors.

Bankruptcy Number 11-20649
Chapter 7

Judge William T. Thurman

**MEMORANDUM DECISION ON MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY**

The matter before the Court is Nathan and Katie Harward's (the "Debtors") Motion for Sanctions (the "Motion") against Key Bank (the "Bank") for violating the automatic stay. At issue is a post-petition letter (the "Letter") notifying the Debtors that the Bank was selling a boat that it had repossessed from them. The Letter also told the Debtors that if the boat sold for less than they owed the Bank for it; they could be liable for the deficiency.

The Court conducted a hearing on the Motion on June 14, 2011. W. Earl Webster appeared for the Debtors and David Pinkston appeared for the Bank. The Court entered an Order previously, but reserved rights to issue a Memorandum Decision on the Motion. For reasons stated below, the Court denies the Debtor's Motion and awards the Bank costs for defending against the Motion.

1

**Jurisdiction, Venue and Notice**

The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is appropriate under 28 U.S.C. § 1408. Notice of the hearing on this Motion is found to be appropriate and adequate in all respects.

**Facts**

The Debtors filed for Chapter 7 bankruptcy relief on January 19, 2011. Prior to the filing, they owned a 2004 MasterCraft boat (the "Boat") in which the Bank had a secured and perfected interest. The Debtors' Schedule D listed the Boat's value at $31,710 and a corresponding debt to the Bank of $46,377. Notice of the bankruptcy was mailed to the Bank at a correct address on or about January 23, 2011. The Bank filed a motion for relief from stay which was granted on March 4, 2011 ("Stay Order"). The Stay Order authorized the Bank to "exercise its contractual, state and common law remedies" relating to the Boat.[1] The Stay Order also authorized the Bank to "give all notices and take such action as necessary to protect its rights to file or amend its claim to assert any deficiency remaining on the sales of the boat."[2] The Debtors surrendered the Boat to the Bank on March 22, 2011.

The Bank sent the Letter to the Debtors on March 29, 2011, notifying the Debtors of the Bank's intention to sell the Boat. The Letter also stated that the proceeds from the sale would be deducted from the debt and that the Debtors would owe any deficiency. It further stated that if the debt is part of a bankruptcy, the Debtors may not be liable for the deficiency and should call

---

[1] Order Granting The Bank Relief from the Automatic Stay, ECF no. 23.
[2] *Id* at page 3.

their attorney.    The Bank admits that it was notified of the bankruptcy prior to mailing the Letter.

**The Standard for Granting Relief under 11 U.S.C. §362(k)**[3]

The automatic stay in bankruptcy bars "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."[4] Thus one of the functions of the automatic stay is to protect the debtor from creditors efforts to collect on preexisting debts. The Tenth Circuit Court of Appeals ("Tenth Circuit") recognized this in Fortier v. Dona Anna Plaza Partners, stating that the automatic stay "stops all collection efforts, all harassment, and all foreclosure actions."[5]

The controlling statute for awarding damages and costs for a violation of the stay is § 362(k), which states:

(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

Thus, all that is required for a creditor to violate the stay is 1) knowledge of the bankruptcy and 2) intention to commit the actions that constituted the violation. In order to prove a Debtor's contentions about stay violations, a certain about of evidence must be presented.  In In re Johnson, the Tenth Circuit reviewed a situation where a bank had violated the stay when it repossessed a truck from a debtor in bankruptcy.[6] The Johnson court held that "in order to demonstrate a violation of § 362(k)(1), the debtor bears the burden of establishing, by a

---

[3] Statutory references herein are to Title 11 of the United States Code, unless stated otherwise.
[4] 11 U.S.C. § 362(a)(6)
[5] Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1330 (10th Cir. N.M. 1984) quoting s. Rep No. 989, 95th Cong., 2d Sess. 54-55 (1978) *reprinted in* 1978 U.S. Code Cong & Admin. News 5787, 5840-41
[6] Johnson v. Smith (In re Johnson), 501 F.3d 1163, 1172 (10th Cir. 2007).

3

preponderance of the evidence, that the creditor knew of the automatic stay and intended the actions that constituted the violation; no specific intent is required."[7] Accordingly, more is needed than mere allegations.

### Debtors' Motion

The Debtors filed their Motion on April 27, 2011 asserting that the Letter the Bank sent was a violation of the stay. The Debtors were relying on section 362(a)(6) which bars "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." The Letter indicated the Bank's intent to collect on any deficiency after the sale of the Boat. The Debtors argues the Letter violates the stay under the standard set in Johnson because 1) The Bank knew about the Debtors' bankruptcy and 2) it sent the Letter.

The Debtors seek actual damages of $3,500 and reasonable legal costs as allowed by § 362(k). The Debtors argue that the Bank willfully violated the stay, even if it did not intend any violation, so as long as it knew of the stay and intentionally took the action that violated the stay as per Johnson.[8] Further the Debtors seek punitive damages for contempt and actual damages although they offered no evidence of any.

### The Letter Did Not Violate the Automatic Stay

The Court finds that the Letter did not violate the automatic stay. The Bank was aware of the bankruptcy because notice was adequately given and it filed for relief from the stay. Further, The Bank admits it was aware of the bankruptcy when it sent the Letter. The Letter appears to meet the Johnson criteria for a violation of the stay. But it can be distinguished from the repossession of the truck in Johnson because 1) it was explicitly authorized by the Stay Order; 2)

---

[7] *Id* at 1172

[8] *See* Fleet Mortg. Group,Inc. v Kaneb, 196 F.3d 265, 268 (1st Cir. 1999).

it was required by Utah law as a precondition to selling the boat; 3) the Bank could have lost its rights to any deficiency in a proof of claim and been liable to the Debtors if it did not send the Letter; and 4) a statutorily mandated notice, such as the Letter, that is neither harassing nor an attempt to collect is not a violation of the automatic stay. The Court will address each of these points in more detail.

1) The Letter was authorized by this Court's Stay Order. The relevant part of the Stay Order authorizes the Bank to "give all notices and take such action as necessary to protect its rights to file or amend its claim to assert any deficiency remaining on the sales of the boat."[9] The Letter did not exceed the scope of the Stay Order as it was neither harassing nor an attempt to collect.[10] Thus the Bank was explicitly authorized by the Stay Order to send notices to protect its rights after the sale of the Boat. The Stay Order allowed the Bank to protect its rights to claim the deficiency against the Debtors should the bankruptcy fail or to file an unsecured claim in the bankruptcy to seek payment from the estate.[11] The Bank's actions were "necessary" to protect its interest as is explained further below. Also, the Letter notified the Debtors that bankruptcy may excuse the deficiency and The Bank made no demand on the Debtors for payment.

2) Under the Uniform Commercial Code ("UCC") as adopted in Utah law, a secured creditor that sells collateral in the event of a default "shall" notify the debtor of the sale.[12] The

---

[9] Order Granting The Bank Relief from the Automatic Stay, ECF 23 at page 3

[10] *See* Notes of Committee on the Judiciary, Sen. Rep. No. 989, 95th Cong., 2d Sess. 54, *reprinted in* [1978] U.S. Code Cong. & Ad. News 5787, 5840 explaining the purpose of the automatic stay in bankruptcy is to give the debtor temporary relief from creditors, to stop all collection efforts, harassment and foreclosure actions, and to insure the orderly and equitable payment of creditors.

[11] Section 506(a)(1)

[12] Utah Code Ann. §70A-9a-611(2) "Except as otherwise provided in Subsection (4), a secured party that disposes of collateral under Section 70A-9a-610 shall send to the persons specified in Subsection (3) a reasonable authenticated notification of disposition."

5

UCC specifies the contents and form of such a notification and includes an example of an acceptable one that is nearly identical to the Letter sent by the Bank to the Debtors.[13] Accordingly, the Letter was proper notice under Utah law. Had The Bank failed to send the Letter or a similar notification, it would not have been able to sell the Boat legally and the Stay Order would have been ineffectual.

    3) Had the Bank sold the Boat and failed to send the Letter, its claim to any deficiency that could be asserted in a proof of claim or if the case was subsequently dismissed could have been lost. Under the UCC, a secured party not "proceeding in accordance with this chapter" could be subject to a court order disallowing its claim.[14] In a case with a similar law to Utah's, the Bankruptcy Court for the Western District of Missouri in In re Carter disallowed a banks deficiency claim from an asset sale because it failed to comply with the UCC written notice requirement.[15]   Accordingly, the Letter was needed to avoid this pitfall.

    4) The dual purpose of the automatic stay is to provide for the orderly administration of the estate and to give debtors a break from collection efforts.[16] A statutorily required notice that does not offend either of these purposes is not a violation of the automatic stay.[17] Several bankruptcy decisions from other jurisdictions are helpful in this analysis. In In re Pultz, the court found that a bank, which had been granted relief from the stay to foreclose, did not violate the stay when it sent out deficiency notices because the notices were directly related to the permitted

---

[13] Utah Code Ann. §70A-9a-614.

[14] Utah Code Ann. §70A-9a-625(1) "If it is established that a secured party is not proceeding in accordance with this chapter, a court may order or restrain collection, enforcement, or disposition of collateral on appropriate terms and conditions."

[15] Diamond Bank v. Carter (In re Carter), 203 B.R. 697, 707-08 (Bankr. W.D. Mo. 1996).

[16] In re Calder, 907 F.2d 953, 957 (10th Cir. Utah 1990).

[17] See Pultz v. NovaStar Mortg., Inc. (In re Pultz), 400 B.R. 185, 190 (Bankr. D. Md. 2008).

foreclosure, purely informational, and required by statute.[18] Similarly, in In re Whitmarsh, that court found that letters sent by a foreclosing bank where not a violation of the stay as they were not attempts to collect and were required by statute.[19] "The lender could not risk failing to comply with state, federal, and contract law simply because Debtors had stated an intention to surrender the property."[20]

An even more threatening notice sent to the debtor in In re Jennings[21] was found to be an acceptable notification that did not violate the stay. In Jennings, the town of Greene, Maine, sent a letter to a debtor in bankruptcy notifying him of back property taxes. The letter included the statement "Do not disregard this notice. You will lose your property unless you pay your 2002 property taxes, interest and costs" which was followed by instructions on how to pay the debt.[22] The court ruled that this notice did not violate the stay as the town was required by statute to send it or risk losing its lien on the property.[23] Here, the Letter sent by the Bank was a statutorily required notification and was not for the purpose of harassing or collecting debt. Accordingly, the dual purposes of the automatic stay were not impeded and the Letter did not violate it.

## Conclusion

The automatic stay is one of the central components in any bankruptcy case. It must be given due deference when it is intentionally violated. The Court must give serious consideration to all alleged violations. Here, the Court has given due consideration to the claims of the

---

[18] *Id a*t 190.

[19] In re Whitmarsh, 383 B.R. 735, 736 (Bankr. D. Neb. 2008) (however, the Court did rule that the twenty-two phone calls from the bank to the debtor violated the stay because those were attempts to collect on the deficiency).
[20] *Id.*
[21] *See* Jennings v. Town of Greene (In re Jennings), 304 B.R. 8, 11 (Bankr. D. Me. 2004).
[22] *Id* at 11.
[23] *Id* at 12.

Debtors.  The Court notes that not all notices sent by creditors after a bankruptcy case has been filed are per se violations of the stay.  Some degree of common sense must be applied.  Here, the Bank acted appropriately by seeking relief from stay and obtaining a court order allowing repossession and certain other action.  The Bank followed state statutory requirements after obtaining relief from stay to preserve any deficiency rights that it might have for filing a proof of claim or for a subsequent action should the current case be dismissed.  Finally, no evidence was presented of any actual damages or of any contact between the Debtors and the Bank after receiving the Letter. Accordingly, the Court cannot find cause for granting any sanctions against The Bank.

For the foregoing reasons, the Debtor's Motion against the Bank for violations of the stay should be denied.

The Bank has requested attorney fees for defending against the frivolous motion. The court finds the Debtor's motion to be frivolous and awards reasonable fees to the Bank.  Key Bank has submitted its fee application to which the Debtors never objected to and never requested a hearing on.  By prior order dated July 28, 2011, the Court awarded Key Bank $5,756 in attorney's fees for defending against this matter.

_____End of Document_____



## SERVICE LIST

Service of the foregoing **ORDER** will be effected through the Bankruptcy Noticing Center to each party listed below.

Nathan Harward
Katie Harward
11834 North Jupiter Circle
Highland, UT 84003

W. Earl Webster
Harward & Associates
9350 South 150 East, Suite 740
Sandy Utah 84070

David Pinkston
Snow Christensen & Martineau
10 Exchange Place, 11th Floor
PO Box 45000
Salt Lake City, UT 84145